831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eddie SIZEMORE, Plaintiff-Appellant,
Michael A. Brown, George Wiggins, Donnell Peoples, William
Brown, Plaintiffs,
v.
E.C. MORRIS, J.A. Smith, Jr., E.M. Grizzard, Defendants-Appellees.
 No. 87-7635.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 18, 1987.
Decided Oct. 23, 1987.
 
 Eddie Sizemore, Michael A. Brown, George Wiggins, Donnell Peoples, William Brown, appellants pro se.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The district court dismissed the complaint brought by Eddie Sizemore and four other inmates because they failed to pay the required filing fee. Sizemore now appeals this decision.
 
 
 2
 On April 21, 1987, Sizemore and the four others who joined in the complaint petitioned the court to proceed in forma pauperis. Under 28 U.S.C. Sec. 1915(a), a court may waive fees and costs of persons who are unable to pay them. If the court determines that the potential litigant is able to pay a portion of the filing fee, then a partial fee may be assessed. See In re Williamson, 786 F.2d 1336, 1338-39 (8th Cir. 1986); Braden v, Estelle, 428 F. Supp. 595, 598-99 (S.D. Tex. 1977).
 
 
 3
 This Court has held that where prisoners seek to proceed in forma pauperis, 15% of the amount deposited to their inmate trust accounts during the preceding six months may be assessed as filing fees. Evans v. Croom, 650 F.2d 521 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982). This was the approach taken by the district court in this case. The court, applying the Evans formula, determined that 15% of the inmates' total deposits in the preceding six months amounted to a figure more than double[1] the $120.00 fee normally required to file a Sec. 1983 action. in view of this determination, the court required the five inmates to pay a fee of $120.00, leaving it up to them to determine what portion of this sum each should put forth. The court denied a proposal by the inmates that this sum be paid by withholding eight dollars a month from each inmate's account over a period of three months.
 
 
 4
 We believe the district court correctly complied with the procedure set forth in Evans and acted properly in denying the withholding proposal. While withholding arrangements similar to that proposed here have been used in some jurisdictions, their use is not mandatory but instead rests solely within the discretion of the court. Finally, the court correctly dismissed the complaint without prejudice when, thirty days after the initial order, the inmates had neither paid the assessed fee nor offered a written explanation as to why a lower fee would be appropriate. See Evans, 650 F.2d at 525-26.
 
 
 5
 Because the dispositive issues recently have been authoritatively decided, we dispense with oral argument, deny leave to proceed in forma pauperis, and dismiss the appeal.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 During the six month period preceding the complaint, the total deposits to the five inmates' prison accounts amounted to $1,637.65. Fifteen percent of this amount equals $ 245.12